1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   REGINALD EDWARD SPEARMAN,              No.  2:25-cv-0177-SCR

12                    Plaintiff,

13        v.                               ORDER AND

14   MARIE CALENDARS, et al.,              FINDINGS AND RECOMMENDATIONS

15                    Defendants.

16

17        Plaintiff is a former county inmate representing himself in this civil rights action filed

18   pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302

19   pursuant to 28 U.S.C. § 636(b)(1).

20        Plaintiff has not paid the court's filing fee or requested leave to proceed in forma pauperis

21   pursuant to 28 U.S.C. § 1915.  Normally the court would provide plaintiff the opportunity to

22   submit a motion to proceed in forma pauperis.  However, a review of court records reveals that on

23   at least three occasions while incarcerated, plaintiff has filed lawsuits that have been dismissed on

24   the grounds that they were frivolous or malicious or failed to state a claim upon which relief may

25   be granted.  See 28 U.S.C. § 1915(g).

26        "[Section] 1915(g) should be used to deny a prisoner's [in forma pauperis] status only

27   when, after careful evaluation of the order dismissing an action, and other relevant information,

28   the district court determines that the action was dismissed because it was frivolous, malicious or

                                    1

1  failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). Dismissal counts

2  as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it

3  fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an

4  amended complaint" regardless of whether the case was dismissed with or without prejudice.

5  Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

6       The court takes judicial notice of the following previously filed lawsuits:[1]

7       1. Spearman v. B-Side Bar, No. 2:21-cv-1216 KJM DMC (case dismissed on April 12,

8  2023, for failure to state a claim (ECF No. 12));

9       2. Spearman v. Towing, No. 2:21-cv-1288 KJM JDP (case dismissed as frivolous on

10  June 28, 2022, for failure to state a claim (ECF No. 8));

11       3. Spearman v. Hillberg, No. 23-cv-0093 DJC DMC (complaint dismissed with leave to

12  amend for failure to state a claim (ECF No. 11), case dismissed on August 1, 2024, for

13  failure to file an amended complaint (ECF No. 13)).

14       All of the preceding cases were dismissed well in advance of the January 1, 2025

15  constructive filing date of the instant action, and none of these strikes have been overturned on

16  appeal. Therefore, the undersigned finds that plaintiff has filed three or more prior actions that

17  constitute strikes under 28 U.S.C. § 1915(g).

18       Having determined that plaintiff has accrued three prior strikes, he is therefore precluded

19  from proceeding in forma pauperis in this action unless he is "under imminent danger of serious

20  physical injury." 28 U.S.C. § 1915(g). This exception applies at the time of filing the complaint.

21  Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) (emphasizing that "it is the

22  circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent

23  danger' exception to § 1915(g)"). Plaintiff has not alleged any facts in the complaint which

24  suggest that he is under imminent danger of serious physical injury. The allegations pertain to a

25  physical assault that occurred at a Marie Callendar's restaurant, which appears to be an isolated

26  ---

[1] See Fed. R. Evid. 201 (the court may take judicial notice of facts that are capable of accurate
27  determination by sources whose accuracy cannot reasonably be questioned); Harris v. County of
Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed
28  matters of public record including documents on file in federal or state courts).

incident.  Plaintiff does not allege any facts that would suggest that the event is likely to reoccur.  Thus, plaintiff must submit the appropriate filing fee in order to proceed with this action.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that plaintiff be ordered to pay the entire $405.00 in filing fees within thirty days from the date of this order or face dismissal of the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 16, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3